726

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THEODORE LUSBY, JR., Defendant-Appellant.

(No. 56640; ▮▮▮▮▮▮▮

First District—May 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

On October 6, 1969, the defendant, Theodore Lusby, Jr., plead guilty to a charge of burglary and was sentenced to three years probation with the first three months to be served in the House of Correction. On April 28, 1970, he was charged with violating his probation by committing a second burglary. After an evidentiary hearing, his probation was revoked and he was sentenced to one to four years in prison. Defendant appealed directly to the Supreme Court and the cause was transferred here.

The record reveals that two police officers were investigating a report of a robbery. While in the area, they observed defendant carrying an armful of clothing. After arresting him, they found that he also had a knife, pry bar and chisel. After being informed of his rights, defendant led the officers to the burglarized apartment from which the articles of clothing had been stolen.

Defendant's sole contention is that a statement elicited from him after arrest and the "fruits" of that statement should have been suppressed since the police had not secured a knowing and intelligent waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436. After reviewing the rec-

ord, we conclude that defendant knowingly and intelligently waived his rights as required by *Miranda.* Consequently, the statement and its "fruits" were properly admitted into evidence.

Pursuant to Supreme Court Rule 23, ch. 110A, Ill. Rev. Stat., par. 23, effective January 31, 1972, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.